IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| BRAD THREADGILL, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION V-07-04 |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Institutional Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM & ORDER

Petitioner, Brad Threadgill, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a petition for writ of habeas corpus challenging his state court conviction under 28 U.S.C. § 2254. The Respondent has filed a motion to dismiss asserting that Petitioner's claims are time barred pursuant to 28 U.S.C. § 2244(d). After reviewing the pleadings, the records and the applicable law, the Court grants the motion and dismisses this suit as barred by time limitations.

**Procedural History**

Petitioner plead guilty to Felony Driving While Intoxicated in the 248th District Court of Harris County, Texas on May 17, 2004 and was sentenced to fifteen years imprisonment. *Ex parte Threadgill*, Application No. 19,411-04 at 406–07. Petitioner's direct appeal to the Eighth Court of Appeals was dismissed on September 16, 2004. *Id.* at 393–94. He filed a motion for rehearing, which was denied on December 8, 2004. Petitioner did not filed a petition for discretionary review with the Texas Court of Criminal Appeals ("CCA"), but filed an application for a state writ of habeas corpus on October 18, 2005. *Id.* at 2. The CCA dismissed the action on August 9, 2006

without a written order on the findings of the trial court without a hearing. *Id.* at cover. Petitioner filed the instant petition in this Court on December 28, 2006.[1]

Petitioner raised several grounds for relief. He argues he was denied his Sixth Amendment right to counsel because the trial court did not grant a hearing or appoint new counsel when he objected to his appointed counsel's performance and because no admonishments were given related to his right to represent himself. Further, he claims he will be denied due process if, in the event his conviction is overturned, the state has destroyed or tampered with the original evidence.

Respondent maintains that Petitioner's writ is time-barred because it was not filed within the one year statute of limitations. Petitioner asserts he was unable to accurately calculate the one year time limitation because he never received the Eighth Court of Appeals decision denying his motion for rehearing on December 8, 2004. Instead, he maintains he only received the mandate issued on March 18, 2005.

## Standards of Review

Petitioner's habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320 (1997). Under the AEDPA, a federal habeas petition which challenges a state court conviction is subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

---

[1] The petition was not received by the District Clerk until January 9, 2007, but for purposes of calculating the applicable time limitations, a prisoner's petition for habeas corpus is deemed filed on the date it is placed in the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam).

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1) & (2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).

## Analysis

Petitioner plead guilty on May 17, 2004. Petitioner's motion for rehearing was denied by the Eighth Court of Appeals on December 8, 2004. Because he did not file a petition for discretionary review with the CCA, Petitioner's conviction became final on January 10, 2005. *Roberts v. Cockrell*, 319 F.3d 690, 694–95 (5th Cir. 2003) (declaring that for purposes of finality under the AEDPA one-year limitation period, the statute of limitations begins to run when the 30 day period for filing a petition for discretionary review in state court expires); TEX. R. APP. P. 68.2(a). Petitioner then filed a state writ of habeas corpus on October 18, 2005, using 280 days of the one year limitation period. The time was tolled while Petitioner's state writ was pending. The statutory tolling period ended, however, on August 9, 2006, when the CCA dismissed his state writ. Thus, Petitioner had 85 days to file his federal petition– until October 30, 2006. Petitioner did not

3

file his federal petition until December 28, 2006–57 days late.

Petitioner argues that the time between the Eighth Court of Appeal's issuance of the order denying rehearing and its issuance of the mandate should not be included in the limitations period because he did not receive the order, but only received the mandate on March 18, 2005. Alternatively, Petitioner claims that this situation entitles him to equitable tolling. The Fifth Circuit held that a conviction becomes final when the time for seeking further direct review expires, and the issuance of the mandate by the state court of appeals is of no consequence for the purpose of the AEDPA time limitations. *Id.*; *Lookingbill v. Cockrell*, 293 F.3d 256, 262 (5th Cir. 2002) ("Federal courts interpret the federal time period as running from the event described rather than from receipt of notice."). Thus, in the instant case the statute of limitations clock re-started when the 30 day period for filing a petition for discretionary review in state court expired after Petitioner's motion for rehearing was denied on December 8, 2004. *See Roberts*, 319 F.3d at 694. Petitioner's ignorance of the law does not excuse the untimeliness of his federal petition. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).

A court may toll the limitations period in "rare and exceptional circumstances." *Lookingbill*, 293 F.3d at 264. Such circumstances would exist, for example, if "the plaintiff [was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). However, a "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Rashidi*, 96 F.3d at 128 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). While the Fifth Circuit has not dealt directly with a petitioner who did not receive a lower court's order finalizing the conviction, but only

received the mandate, other federal courts have confronted this situation and found that petitioner would not be entitled to equitable tolling.

The Eleventh Circuit faced a similar situation where petitioner claimed he did not know the Florida Court of Appeals had affirmed his sentencing on November 14, 2003, but only received the mandate of the court on February 12, 2004. *Williams v. Florida*, 221 Fed. Appx. 867, 870 (11th Cir. 2007). Petitioner filed his federal petition four days later. The Eleventh Circuit upheld the district court's dismissal of petitioner's habeas petition as time-barred finding the court had not erred in finding petitioner did not act diligently. *Id. See also White v. Schriro*, 168 Fed. Appx. 846, 848 (9th Cir. 2006) (finding the fact that petitioner did not receive a copy of the final order or mandate did not "qualify as an extraordinary circumstance that would have made it impossible for [petitioner] to timely file his § 2254 petition"); *Hizbullahankhamon v. Walker*, 105 F. Supp. 2d 339, 343 n.5 (S.D.N.Y. 2000) (Statute of limitations for filing habeas petitions, which is tolled upon filing of application for postconviction relief resumes running when application is denied by state courts, not on day that prisoner receives notice of denial (citing *Geraci v. Senkowski*, 211 F.3d 6, 9 (2d Cir. 2000)). Nothing in the record indicates that Petitioner faced any rare or exceptional circumstances that prevented him from pursuing his claims and submitting his habeas petition within the requisite time limitation. Thus, the Court concludes that Petitioner has not met the requirements for equitable tolling.

## Certificate of Appealability

Under 28 U.S.C. § 2253, Petitioner needs to obtain a certificate of appealability (COA) before he can appeal this Memorandum and Order dismissing his petition. A COA will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 263 (quoting *Slack*, 529 U.S. at 483); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). This Court concludes that Petitioner is not entitled to a COA under the applicable standards. *See* 28 U.S.C. § 2253(c).

## Conclusion

The Court **ORDERS** the following:

1. The Respondent's Motion to Dismiss (Dkt. # 10) is **GRANTED**.

2. Petitioner's Motion for Leave to File Petitioner's Request for Discovery (Dkt. #9) is **DENIED** as moot.

3. Petitioner's Motion for Additional Time to File Responsive Pleading to Respondent's Motion to Dismiss (Dkt. #12) is **GRANTED**.[2]

4. Petitioner's Motion to Hold Respondent's Attorney in Contempt (Dkt. #14) is **DENIED**.

---

[2] The Court considered all filings and responses submitted by Petitioner as of the date of this Memorandum and Order.

5.    Petitioner's Motion for Appointment of Counsel (Dkt. #16) is **DENIED.**[3]

6.    Petitioner's Motion for the Record (Dkt. #18) is **DENIED** as moot.

7.    This action is **DISMISSED** with prejudice.

8.    A Certificate of Appealability is **DENIED**.

**SIGNED** on this 14th day of November, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[3] *See Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (noting that prisoners are not entitled to counsel during habeas proceedings).